UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAURUS A. BAKER, | No. 2:19-cv-00396 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| JOE A. LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 21, 2023, the magistrate judge issued findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 17. Neither party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey,* 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court

/////

1

. . . ."). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

In addition to the magistrate judge's findings, the court finds there is an additional ground to deny habeas relief as to petitioner's first claim. Petitioner argues he was deprived of his constitutional rights to a fair trial and due process of law when the state trial court modified one of the pattern instructions after defense counsel had completed his closing argument. Pet. at 3, ECF No. 1. As the magistrate judge notes, "[n]o U.S. Supreme Court precedent prohibits the modification of a jury instruction, in conformity with state law, after counsel has argued the case on the basis of a misunderstanding of the law coupled with an expectation that the instruction would be different." F. & R. at 13–14, ECF No. 17. Moreover, "the fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). Thus, the question that remains is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* (*Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). For example, when there is an ambiguous jury instruction, courts "inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Id.* (*quoting Boyde v. California*, 494 U.S. 370, 380 (1990)).

Petitioner does not deny the modified instruction provided a correct statement of state law. *See* Pet. at 3–8. Rather, petitioner argues defense counsel detrimentally relied on the unmodified instruction, the modification weakened the credibility of the defense, and therefore, deprived him of a fair trial. *Id.* at 6–7. In reviewing petitioner's appeal, the California Court of Appeal addressed these arguments and found neither the trial judge nor prosecutor misled defense counsel in a way that affected his closing argument. F. & R. at 11–12 (quoting Lodged Doc. 12 at 10–14, ECF No. 15-12). The appellate court also found that under state law, the trial court could not give the jury the unmodified instruction after defense counsel misspoke. *Id.* at 11. The appellate court then found the trial court did not violate defendant's rights to a fair trial and due process of law by "correctly advising the jury on the law after defense counsel misstated the law." F. & R. at 11 (quoting Lodged Doc. 12 at 10–14, ECF No. 15-12). Here, petitioner does not

explain how the modified instruction "infused the trial with unfairness" such that his due process rights were violated. *See Estelle*, 502 U.S. at 75. Nowhere does he allege the jury applied the modified instruction, which provided a correct statement of law, in a way that violated his constitutional rights. Based on the record, the court cannot conclude the state court's decision was contrary to or an unreasonable application of clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 386 (2000).

Before petitioner can appeal this decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[T]he showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds petitioner has not made this showing and thus declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued July 21, 2023 (ECF No. 17), are ADOPTED IN FULL;

2. The petition for writ of habeas corpus is DENIED, and

3. The court DECLINES to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: August 28, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE